UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10422-RGK (VBKx) | | Date | June 27, 2012 |
|---|---|---|---|---|
| Title | **MITCHELL, et al v. WHIRLPOOL CORP.** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Relief from Dismiss for Lack of Prosecution (DE 17)**

**I.   INTRODUCTION**

On November 2, 2010, Kathryn Mitchell ("Plaintiff") filed suit against Whirlpool Corp. ("Defendant") in San Luis Obispo County Superior Court after a defective refrigerator manufactured by Defendant damaged her home.[1] The Complaint alleged state claims of negligence, breach of express warranty and breach of implied warranty and sought more than $300,000 in damages not covered by her homeowner's insurance policy. On December 16, 2011, Defendant removed the case to this Court on diversity grounds.

On February 17, 2012, the Court issued an order setting a Scheduling Conference for May 7, 2012. Plaintiff's counsel, Michael J. Ponce ("Ponce"), did not appear. The Court continued the Scheduling Conference to May 14, 2012 and also set an Order to Show Cause Hearing for the same date to determine why the case should not be dismissed for lack of prosecution. Ponce again did not appear, nor did he communicate with the court in the interim. The Court dismissed the case with prejudice for lack of prosecution on May 14, 2012.

Presently before the Court is Plaintiff's Motion for Relief from Dismissal for Lack of Prosecution. Ponce alleges that his omissions resulting in dismissal of the case with prejudice amount to gross negligence and warrant relief from the Court's dismissal under Fed. R. Civ. P. 60(b)(6). For the reasons set forth below, the Court **DENIES** the Motion.

---

[1] Mitchell's husband, Edmund Pope, was a named Plaintiff in the action but died during the pendency of this litigation.

1

## II. FACTUAL BACKGROUND

On November 27, 2008, a fire damaged Plaintiff's home. Fire inspectors determined that a defective refrigerator manufactured by Defendant started the fire. Defendant later recalled the refrigerators because they posed a fire hazard. Plaintiff filed a claim under her homeowner's insurance policy and received $313,186.20 from her insurer. Plaintiff also filed the current action seeking damages not covered by her homeowner's insurance policy including:

- Lost wages ($35,000-$45,000)
- Emotional distress ($150,000)
- Diminution in value ($75,000 - $100,000)
- Motorcycle damage ($8,366)
- Rental car fees ($1,409.26)
- Additional construction costs ($9,215.16)

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a party may bring a motion for relief from a judgment due to mistake, inadvertence, surprise, excusable neglect … [or] misconduct by an opposing party … [or] any other reason that justifies relief. Fed. R. Civ. P. 60(b). Motions for relief under Rule 60(b) are addressed to the sound discretion of the trial court. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 832 (9th Cir. 1986).

Absent unusual circumstances, reconsideration is appropriate only where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there was an intervening change in controlling law. *Beentjes v. Placer County Air Pollution Control Dist.,* 254 F. Supp. 2d 1159, 1161 (E.D. Cal. 2003) (citing *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration should not be used to reargue the motion or present evidence that should have been presented previously. *Beentjes*, 254 F. Supp. 2d at 1161.

Local Rule 7-18 of the Central District of California supplements the Federal Rules, and states that a motion for reconsideration of the decision of any motion may only be brought for:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

## IV. DISCUSSION

As previously stated, dismissal of this action resulted from Ponce's failure to appear at the May 7, 2012 Scheduling Conference and May 14, 2012 Scheduling Conference and Order to Show Cause Hearing. Ponce states that he missed the May 7 Scheduling Conference because he failed to read a Court email setting the conference. Ponce does not remember receiving the email but does not deny having received it. (Declaration of Michael J. Ponce, ¶¶11, 17.) Ponce admits he received the Court's email about the May 14 hearings but says he did not read the email because he assumed it was a notification about an unrelated filing. (Declaration of Michael J. Ponce, ¶¶13.) Ponce says he did not learn that he

missed the hearings until he received an email from the Court notifying him of this case's dismissal. (Declaration of Michael J. Ponce, ¶¶13.) Ponce argues that these omissions, resulting in the dismissal of Plaintiff's case with prejudice for lack of prosecution, amount to gross negligence and that relief is therefore appropriate under Fed. R. Civ. P. 60(b)(6). The Court disagrees.

Federal Rule of Civil Procedure 60(b) provides, in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances" which prevented or rendered him unable to prosecute his case. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169-70 (9th Cir. 2002). An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute "extraordinary circumstances" warranting relief from judgment under Rule 60(b)(6). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). However, an attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constitutes an "extraordinary circumstance" under Rule 60(b)(6) warranting relief from judgment. *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *Tani*, 282 F.3d 1164, 1169-70 (9th Cir. 2002).

In *Tani* and *Lal*, the conduct that the court deemed grossly negligent included (1) "virtually abandoning" the client by failing to proceed with the client's case despite court orders to do so and (2) explicitly misrepresenting to the client that the case was proceeding properly. *Tani*, 282 F.3d at 1170–71; *Lal*, 610 F.3d at 525. In *Tani,* the attorney failed to participate in preliminary settlement discussions despite a court order to do so, failed to file papers, failed to oppose a motion to strike the answer, and failed to attend hearings, while "explicitly represent[ing]" to his client that the case was proceeding properly after the dismissal. 282 F.3d at 1170-1171. Similarly, in *Lal*, the attorney failed to obey court orders to contact the client regarding preliminary settlement discussions, failed to participate in the case management conference, failed to meet and confer, and failed to attend hearings. 610 F.3d at 525. The attorney also lied to the client about the case's dismissal and later falsely said he had refiled the suit in state court. *Id.* In both cases, the court held the attorneys' gross negligence resulted in the client's receiving virtually no representation at all and "vitiat[ed] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney." *Id.* at 524.

Ponce argues his conduct in this case is so similar to the attorneys in *Tani* and *Lal* that it amounts to gross negligence. The Court disagrees. Ponce has not demonstrated that he "virtually abandoned" his client. Though he failed to appear at two hearings, Ponce has not shown, and the record does not demonstrate, that Plaintiff has received practically no representation at all. Nor has Ponce alleged that he *deliberately* ignored court orders to proceed with Plaintiff's case. Moreover, Ponce does not demonstrate that he has explicitly misrepresented the status of the case to Plaintiff. Ponce states that he has brought this Motion without Plaintiff's knowledge. But this is not the same as lying to Plaintiff about the status of the case or falsely telling her that the case remains viable. Thus, Ponce has not shown that he has explicitly misrepresented to Plaintiff that her case is proceeding properly.

Because Ponce has not demonstrated gross negligence, his conduct does not constitute an "extraordinary circumstance" under Fed. R. Civ. P. 60(b)(6) warranting relief from dismissal with prejudice for lack of prosecution. Therefore, the Court finds no reason to deviate from the typical rule that the client is responsible for her attorney's omissions.[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

---

[2] The Court notes that while it cannot provide relief under Rule 60(b)(6), Plaintiff can recover her losses through a malpractice suit against counsel. *See Sanchez v. Stryker Corp.*, No. 2:10–cv–08832–ODW (JCGx), 2012 WL 1570569, at *5 (C.D. Cal. May 2, 2012) (holding that in a case seeking only monetary damages, "[a] judgment against Plaintiff's counsel may be as good as a judgment against [the defendant]"). Thus, the outcome of this Motion does not leave Plaintiff without a remedy.

*Ltd. P'ship*, 507 U.S. 380, 396 (1993).

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Relief from Dismissal for Lack of Prosecution.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |